UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
2005 AUG 17 PM 3:59
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| DEMETER, L.P. | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. _____ |
| AMERICAS STRATEGIC ALLIANCES, LLC; | ) **1:05-cv-1222-SEB-VSS** |
| DEMETER ENTERPRISES, LLC | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

Demeter, L.P. ("Demeter"), for its Complaint against the Defendants, Demeter Enterprises, LLC ("DE") and Americas Strategic Alliances, LLC ("ASA") (together "the Defendants"), alleges and states:

## PARTIES AND JURISDICTION

1. Demeter is an Indiana limited partnership and has its principal place of business in Fowler, Indiana.

2. On information and belief, ASA is a limited liability company of Texas and has its principal place of business in Dallas, Texas.

3. On information and belief, DE is a limited liability company of Delaware.

4. On information and belief, ASA is the parent corporation or is otherwise closely affiliated with DE.

5. Upon information and belief, the Defendants conduct business in the State of Indiana through the marketing and sale of their services in this state.

6. This Court has personal jurisdiction over the defendants based on their acts of trademark infringement, unfair competition, and commercial disparagement in Indiana.

7. This action arises under the trademark laws of the United States and the laws of unfair competition. It is brought pursuant to Section 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§1114(1) and 1125(a), and the common law.

8. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1331, 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c).

## ALLEGATIONS COMMON TO ALL COUNTS

### The Business of Demeter

10. For over 30 years, Demeter has used the trademarks DEMETER INC.® and DEMETER™ (the "Demeter Marks") to refer to its goods and services, including merchandising, brokering, transporting, cleaning and drying, and providing newsletters about farm commodities, namely grain and beans.

11. Demeter started as a family grain business in the early 1940s, expanded its business to a national level, and continues to maintain a well-known reputation throughout the national grain industry by, among other things, taking leadership roles in the National Grain and Feed Association, a broad-based, non-profit trade association that represents and provides services for grain, feed and grain-related commercial businesses.

12. Demeter works closely with, and purchases products, from farmers and other grain elevators. In addition, the purchasers of Demeter's goods and services include companies in the grain processing market, such as poultry businesses and ethanol producers.

13.     Demeter sells its products and offers its services on a national level and its products and services are well known and highly desirable to consumers in the agricultural and grain industry, including ethanol producing facilities.

### Demeter's Trademark

14.     Demeter has sold its goods and offered its services using the Demeter Marks throughout the United States. Demeter is the owner of the registered U.S. trademark DEMETER INC.® for farm products, namely, grain and beans; merchandising farm commodities, namely, grain and beans, for the accounts of other owners; brokerage of farm commodities, namely, grain and beans; transportation and storage of farm products, namely, grain and beans; cleaning and drying farm products, namely, grain and beans; and printed newsletters and cards about grain and bean markets. Demeter also has filed a federal trademark application for DEMETER™ for use with the brokerage of farm commodities, namely, grains and beans; providing market information in the field of farm commodities; merchandising farm commodities, namely, grains and beans, for the accounts of others; the transportation and storage of farm products, namely, grains and beans; and the cleaning and drying of grains and beans.

15.     The DEMETER INC.® mark is the subject of U.S. Trademark Registration Number 1,139,928 in the United States Patent and Trademark Office, dated September 30, 1980. The mark was first used by Demeter September 1, 1973. A copy of this registration is attached as Exhibit A. United States Trademark Registration Number 1,139,928 remains in full force and effect and Demeter's rights in this registration are incontestable pursuant to 15 U.S.C. §1065.

16.     The DEMETER™ mark is the subject of U.S. Trademark Application Serial No. 78/691,902 in the United States Patent and Trademark Office, filed August 12, 2005. A copy of

the application receipt and input record for DEMETER™ from the United States Patent and Trademark Office is attached as Exhibit B.

17. For over thirty years, and long prior to the Defendants' acts complained of in this Complaint, Demeter has used the Demeter Marks in interstate commerce throughout the United States and abroad to identify and distinguish its goods and services from those provided by others.

18. Demeter has spent and continues to spend money using, advancing, promoting, and advertising the Demeter Marks and the goods and services sold and offered there under and, as a result of such advertising and of the reputation of Demeter's products and services, the Demeter M arks have attained goodwill among consumers.

19. As a result of the long-standing sales of its products and services, as well as the use of the marks in connection with the sales and offerings for sale of its products and services, DEMETER INC.® and DEMETER™ brand products and services have earned commercial success, recognition, and acceptance in the marketplace.

20. The Demeter Marks and the goodwill of the business associated therewith are of inestimable value to Demeter.

21. By the acts described below, the Defendants have willfully infringed the Demeter Marks, engaged in unfair and deceptive practices, and deli berately traded on Demeter's goodwill and reputation, all to Demeter's irreparable injury.

<u>The Defendants' Willful Infringement</u>

22. On information and belief, the Defendants began marketing and announcing their development, construction, and operation of large-scale ethanol production facilities ("the Defendants' Services") using the trademarks DEMETER, and DEMETER ENTERPRISES (the

"Infringing Marks") in the United States no earlier than December 14, 2004 (*See* Exhibit C: Copy of an article available at ASA's website entitled, "ASA Develops Ethanol Production Company" printed August 8, 2005).

23. The Defendants advertise and promote the Defendants' Services under the trade names DEMETER ENTERPRISES, LLC and DEMETER (the "Infringing Trade Names").

24. The facilities being constructed by the Defendants will produce ethanol. Demeter sells much of its grain to ethanol plants, such as those being developed by the Defendants. In addition, the types of services offered by the Defendants and Demeter emanate from a common source. That is, many businesses providing the goods and services provided by Demeter also produce ethanol.

25. Demeter's products and services and the Defendants' services, bearing the Infringing Marks and offered under the Infringing Trade Names, are advertised, promoted, and otherwise marketed through the same channels of trade and to the same consumers.

26. The Defendants' Services offered under the Infringing Marks and Trade Names are not associated with Demeter's products or services, and the Defendants do not have the sponsorship, consent, approval, or certification of Demeter to use the Demeter Marks or any confusingly similar marks or trade names in the United States.

27. Demeter's Infringing Marks and Trade Names are causing actual confusion among the relevant public.

28. Upon learning of the Defendants' use of the Infringing Marks and Infringing Trade Names in connection the Defendants' Services, Demeter directly contacted Mike Slaney, Senior Managing Director and partner of ASA in an effort to amicably resolve this dispute. Demeter advised Mr. Slaney of Demeter's longstanding rights in the Demeter Marks and

requested that the Defendants immediately cease the infringing activity. However, the Defendants refused to discontinue use of the Infringing Marks and Trade Names.

29.  Mr. Slaney was again contacted by Demeter, through its counsel, to amicably resolve the dispute. A copy of Demeter's correspondence of August 3, 2005 is attached hereto as Exhibit D. In this letter, Demeter informed the Defendants of over 30 known instances of actual confusion by the relevant public as to sponsorship of the Defendants' Services by Demeter. Demeter, through its counsel, has also discussed this matter over the telephone with Mr. Slaney wherein Mr. Slaney acknowledged Demeter's rights in the Demeter Marks.

30.  However, the Defendants refuse to discontinue use the Infringing Marks and the Infringing Trade Names. Copies of pages from ASA's website dated August 8, 2005 reflecting the Defendants' continued use of the Infringing Marks and Trade Names are attached hereto as Exhibit C.

31.  In sum, despite the Defendants' acknowledgement of Demeter's rights and Demeter's attempts to resolve this matter, the Defendants are now willfully infringing Demeter's Marks. The Defendants continue to advertise, promote, and otherwise market its services under the Infringing Marks and Infringing Trade Names.

32.  As the Defendants have ignored Demeter's repeated requests for Defendants to discontinue use of its Infringing Marks and Names and have instead continued their infringing activity, the Defendants' are now acting willfully in infringing Demeter's rights.

33.  The Defendants' willful use of the Infringing Marks and Infringing Trade Names falsely create the impression that the Defendants' services are offered by or affiliated with Demeter, and constitutes willful trademark infringement and unfair competition.

34. The Defendants' unfair competition and infringement demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Demeter's customers and potential customers and of the public, to trade on Demeter's goodwill, to palm off the Defendants' services as sponsored by Demeter, and to create the false impression of a connection, affiliation, association, sponsorship, or approval of, or between Demeter and the Defendants, all causing irreparable injury to Demeter.

35. Demeter has no adequate remedy at law.

36. The Defendants have been unjustly enriched by its infringing and unfair activities and Demeter is entitled to an accounting for all of the Defendants' profits derived from the infringing use of the Infringing Marks and Infringing Trade Names.

37. By reason of the Defendants' activities, Demeter has suffered substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of its trademarks, and injury to its relationships with customers.

38. Because of the Defendants' bad faith and intentional and willful infringement, unfair competition, and deceptive trade practices, Demeter is entitled to recover punitive damages to deter the Defendants from repeating its unlawful activities, as well as Demeter's attorneys' fees and costs of this action.

## COUNT I

### Federal Trademark Infringement

39. Demeter realleges and incorporates paragraphs 1 through 38 above, as if fully set forth in this paragraph.

40. The Defendants' willful use of the Infringing Marks and Infringing Trade Names in commerce infringes Demeter's rights in its federally registered trademark, in violation of 15 U.S.C. §1141(1).

41. By reason of the Defendants' bad faith and willful infringement, Demeter is entitled to recover actual damages, treble damages, an accounting for profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. §1117.

## COUNT II

### False Designation of Origin

42. Demeter realleges and incorporates paragraphs 1 through 41 above, as if fully set forth in this paragraph.

43. The Defendants' intentional and unlawful use in commerce of the Infringing Marks and the Infringing Trade Names constitutes a false designation of origin, false description, and false representation that the Defendants and their services are sponsored by, authorized by, or affiliated with Demeter.

44. The Defendants' willful actions are calculated to cause actual confusion and are likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of the Defendants' services with Demeter, in violation of 15 U.S.C. §1125(a).

45. Demeter is entitled to recover actual and treble damages, reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. §1117.

## COUNT III

### Unfair Competition

46. Demeter realleges and incorporates paragraphs 1 through 45 above, as if fully set forth in this paragraph.

47. The Defendants have sold, promoted, and offered for sale their services under the Infringing Marks and the Infringing Trade Names in violation of Demeter's trademarks with full knowledge of Demeter's rights, for the purpose of trading upon Demeter's goodwill and reputation and the passing off of such services as those of Demeter.

48. The Defendants' actions constitute infringement of Demeter's common law rights and improper and unfair competition. As a result, Demeter is entitled to recover actual and punitive damages.

## COUNT IV

### Common Law Trademark Infringement

49. Demeter realleges and incorporates paragraphs 1 through 48 above, as if fully set forth in this paragraph.

50. Demeter has used the Demeter Marks in connection with its goods and services long before the Defendants' first use of the Infringing Marks and Infringing Trade Names with its services.

51. The Defendants' use of the Infringing Marks and Infringing Trade Names in connection with its services constitutes an infringement of Demeter's common law rights in its trademarks.

WHEREFORE, Demeter requests the Court to award the following relief:

A. A permanent injunction enjoining and restraining the Defendants, their associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys and all persons in active concert or participation with them who learn of the injunction through personal service or otherwise (a) from using the confusingly similar terms DEMETER, DEMETER ENTERPRISES, DEMETER ENTERPRISES,

LLC, or any mark or name which contains the term DEMETER in connection with the Defendants' Services or confusingly similar goods or services , (b) from representing by words or conduct that the Defendants or its services are authorized, sponsored, endorsed, or otherwise connected with Demeter, and (c) any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of the Defendants' goods or services.

B.   An accounting and judgment against the Defendants for (a) all profits received from the sale of services bearing the Infringing Marks, (b) damages sustained by Demeter on account of the Defendants' trademark infringement, unfair competition, and false designation of origin, (c) treble damages, where appropriate, and (d) punitive damages to deter such actions in the future.

C.   Demeter's costs of this suit, including reasonable attorneys' fees and expenses.

D.   Pursuant to 15 U.S.C. §1118, the destruction of all business cards, invoices, forms, advertisements, promotional materials, packaging, products or any other materials bearing the Infringing Marks, the Infringing Trade Names or any other term infringing Demeter's Marks.

E.   All other just and proper relief.

## JURY DEMAND

Demeter demands a trial by jury on all issues in this case other than its request for injunctive relief.

Respectfully submitted,

_____
Melissa A. Vallone (#19906-45)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Phone: (312) 214-8314

Julia Spoor Gard (#20383-64)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Phone: (317) 236-1313

David A. W. Wong (#25161-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Phone: (317) 236-1313

INDS02 DWONG 750052v1